USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KENNETH HARVEY,

                            Petitioner,

-against-

                            **REPORT AND**
                            **RECOMMENDATION**

                            10 Civ. 0059 (ER)(GAY)

GREGORY KADIEN,

                            Respondent.

------------------------------------------------------------------x

TO THE HONORABLE EDGARDO RAMOS, United States District Judge:

      On March 16, 2005, a Rockland County jury convicted petitioner Kenneth Harvey ("petitioner" or "Harvey") of criminal possession of a weapon in the third degree (one count) and criminal possession of a weapon in the fourth degree (one count). On June 2, 2005, the trial court sentenced petitioner as follows: (1) as to his conviction for the criminal possession of a weapon in the third degree, petitioner was sentenced to a determinate term of seven years of imprisonment with five years of post-release supervision; and (2) as to his conviction for the criminal possession of a weapon in the fourth degree, petitioner was sentenced to a definite term of one-year imprisonment.

      Presently before this Court is petitioner's *pro se* petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court dismiss the petition in its entirety.

Copies mailed / handed / faxed to ~~counsel~~ plaintiff 4/9/13

I.  PROCEDURAL HISTORY

Petitioner was charged in an indictment with criminal possession of a weapon in the third degree (two counts) and criminal possession of a weapon in the fourth degree (one count). Respondent's Affirmation in Opposition to Petition for a Writ of Habeas Corpus (hereinafter "Resp't Aff."), at 5. These charges stem from an incident that occurred on August 7, 2004, at approximately 3:40 a.m. Petitioner was sitting in a parked van with codefendants Linda Remy, Anthony Pugh, Duvar Ayers, and Tariq McGriff. Resp't Aff. at 3. Police officers Hughes and Beltempo observed the van parked far away from other cars in the parking lot of the Caribbean Village nightclub in Spring Valley, New York. Id. at 3-4. The officers recognized the van as one of interest to the police because of previous information that it contained contraband. Id. at 4. They decided to drive towards the van. Id. As they approached the van, Officer Hughes informed his partner that he recognized codefendant Pugh because he was wanted on a warrant in New York City. Id. Officer Beltempo confirmed that Pugh was wanted on a warrant. Id.

When they arrived at the van, Officer Hughes informed Officer Beltempo that he observed petitioner in the back passenger seat and that petitioner was violating his parole by being out at 3:40 a.m. Id. The officers noticed a bottle of alcohol between the front seats and detected the smell of burnt marijuana coming from the van. Id. They then decided to search the van. Id. They found a loaded kel-tech nine-millimeter long rifle between the two rear seats and a defaced .38 caliber revolver on the front floor of the driver's side. Id. They also found a holster containing one magazine for the nine-millimeter rifle, even though it was molded to carry two magazines. Id. at 4-5.

Petitioner was arrested and charged with criminal possession of a weapon in the third degree (two counts) and criminal possession of a weapon in the fourth degree (one count). Id. at 5; Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus (hereinafter "Resp't Memo."), at 2. On March 4, 2005, petitioner was tried before a jury with Justice William A. Kelly presiding. Resp't Aff. at 5. On March 16, 2005, the jury found petitioner guilty of one count of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree. Id.; Resp't Memo. at 2.

On March 23, 2005, petitioner filed a motion in the County Court to set aside his jury verdict on the grounds of judicial bias, improper judicial conduct, denial of his right to testify before the grand jury, and judicial questioning of witnesses. Resp't Memo. at 2-3. In a Decision and Order dated May 25, 2005, the County Court denied petitioner's motion. Id. at 3. The court noted that petitioner failed to demonstrate that the claimed error appeared on the record or that the court used the said intonations when addressing the jury. Id. On June 2, 2005, petitioner was sentenced to a determinate term of seven years of imprisonment with five years of post-release supervision on the conviction of criminal possession of a weapon in the third degree. Resp't Aff. at 3. On the conviction of criminal possession of a weapon in the fourth degree, petitioner was sentenced to a definite term of one-year imprisonment. Id.

Petitioner appealed his judgment of conviction to the Appellate Division, Second Department of the New York Supreme Court. On direct appeal, petitioner challenged his conviction on four grounds: (1) the hearing court erred when it denied his Dunaway/Mapp suppression motion; (2) the jury verdict convicting him of one count of

third degree criminal possession of a weapon but acquitting him of the other count of third degree criminal possession of a weapon is inconsistent and repugnant; and, the court erred in not granting his motion for a judgment notwithstanding the verdict; (3) the trial court erred by permitting the people, following a Sandoval hearing, to question him, should he testify, about his prior convictions; and (4) his sentence was harsh and excessive. See Resp't Memo., Exhibit I.[1]

On April 22, 2008, the Appellate Division, Second Department unanimously affirmed petitioner's judgment of conviction. See People v. Harvey, 50 A.D.3d 1058, 855 N.Y.S.2d 677 (2d Dep't. 2008); Exh. O. On May 9, 2008, petitioner sought leave to appeal to the New York Court of Appeals. Exh. P. On August 5, 2008, the Court of Appeals denied petitioner leave to appeal. Exh. Q.

In a motion dated April 27, 2009, petitioner sought a writ of error coram nobis in the Appellate Division, Second Department. Exh. R. Petitioner alleged that he was deprived of effective assistance of appellate counsel because his counsel failed to raise on appeal that he was denied a fair trial due to the trial judge's bias against him. Id. Petitioner also alleged that his right to testify before the grand jury was denied. Id. In a Decision and Order dated September 22, 2009, the Appellate Division denied petitioner's application. Exh. T. The court held that petitioner failed to establish that he was denied the effective assistance of counsel. Id.; Resp't Memo. at 5. In a letter to the New York Court of Appeals dated October 22, 2009, petitioner sought leave to appeal the denial of the writ of error coram nobis. Exh. U. On December 14, 2009, the New York Court of Appeals denied petitioner leave to appeal. Exh. V.

---

[1] Hereinafter, all citations to "Exh. ___," unless otherwise noted, refer to exhibits attached to Respondent's Memorandum of Law.

On January 6, 2010, Harvey filed a petition for a writ of habeas corpus in this Court. Docket entry ("Dkt.") #1. Harvey's petition challenges his conviction on the following five grounds: (1) he was denied his constitutional right to a fair trial due to the trial judge's demonstrated bias throughout his trial; (2) he was deprived of the effective assistance of appellate counsel because his counsel failed to raise a claim in his appellate brief regarding the trial judge's intonation and gestures; (3) the hearing court erred by denying his Dunaway/Mapp suppression motion; (4) the jury verdict convicting him of one count of third degree criminal possession of a weapon but acquitting him of the other count of third degree criminal possession of a weapon is inconsistent and repugnant; and, the court erred in not granting his motion for a judgment notwithstanding the verdict; (5) the trial court erred by permitting the people, following a Sandoval hearing, to question him, should he testify, about his prior convictions.

## II.     STANDARD OF REVIEW

### A.     AEDPA Standard of Review

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

A state court's decision is "contrary to" clearly established Federal law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases" or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court of the United States] and nevertheless arrives at a result different from [Supreme Court of the United States] precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000).

Under § 2254(d)(1)'s "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

Finally, under AEDPA, the factual findings of state courts are presumed to be correct. 28 U.S.C. §2254(e)(1). The petitioner must rebut this presumption by "clear and convincing evidence." Id.

## III.  DISCUSSION

A.  <u>Denial Of The Right To A Fair Trial</u>

Petitioner contends that his constitutional right to a fair trial was denied due to the trial judge's bias, demonstrated through his intonations and gestures throughout the trial.  The government argues that petitioner's claim is unexhausted because petitioner did not fairly present it to the state courts.  Resp't Memo. at 8.  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1).  A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest state court.  See <u>Humphrey v. Cady</u>, 405 U.S. 504, 516 (1972); <u>Grey v. Hoke</u>, 933 F.2d 117, 119 (2d Cir. 1991).  Harvey has neither presented the factual and legal bases of this claim to the highest state court capable of reviewing it nor pursued all available means to secure appellate review of this claim.  As such, this claim is unexhausted.

Notwithstanding petitioner's failure to exhaust available remedies, the record contains no evidence of bias by the trial judge by the use of intonations or otherwise.  Therefore, I conclude, and respectfully recommend, that this claim is unsupported by anything in the record; and, thus, should be dismissed as meritless.  <u>See</u> 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); <u>Padilla v. Keane</u>, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

B.    Ineffective Assistance Of Counsel

Petitioner argues that he was deprived of the effective assistance of appellate counsel because his counsel failed to raise a claim in his appellate brief regarding the trial judge's intonation and gestures.  To prevail in an ineffective assistance of counsel claim, petitioner must demonstrate: (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  Both prongs of the test must be met in order for petitioner to prevail.  See United States v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002), cert. denied, 538 U.S. 1049 (2003).

Under the Strickland standard of reasonableness, appellate counsel need not raise all possible claims on appeal, or even all non-frivolous claims.  See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994)("In attempting to demonstrate that appellate counsel's failure to raise a ... claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a non-frivolous argument, for counsel does not have a duty to advance every non-frivolous argument that could be made."); Feliciano v. United States, No. 01 Civ. 9398, 2004 WL 1781005, at *8 (S.D.N.Y. Aug. 10, 2004).  To prevail on the reasonableness prong, Harvey must demonstrate that his appellate counsel omitted "significant and obvious issues while pursuing issues that were clearly and significantly weaker." See Mayo, 13 F.3d at 533.

Petitioner's claim that he was denied a fair trial is unsupported by the record. Thus, counsel's decision not to pursue the claim on appeal was not an omission of a

significant issue. Moreover, my examination of the record reveals that counsel presented issues on appeal that were far stronger than petitioner's fair trial claim.

Accordingly, I conclude, and respectfully recommend, that petitioner's claim should be dismissed.

C.    Fourth Amendment Claim

Petitioner avers that the state court erred by denying his Dunaway/Mapp suppression motion. However, petitioner has had the opportunity to fully and fairly litigate this claim in the state courts. As such, his claim may not be grounds for federal habeas relief. See Stone v. Powell, 428 U.S. 465, 482 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). If "the state by enacting a statutory mechanism for the suppression of evidence obtained by unlawful search and seizure, has provided an opportunity fully and fairly to litigate Fourth Amendment issues, the federal courts may not reexamine those issues on habeas corpus review." Shaw v. Scully, 654 F. Supp. 859, 863 (S.D.N.Y. 1997) (citing McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). New York "provides criminal defendants an opportunity to litigate Fourth Amendment search and seizure issues before trial" through a suppression hearing under N.Y. Crim. Proc. Law §710. Shaw, 654 F. Supp. at 864.

In state court, petitioner contended that his Fourth Amendment rights were violated by an illegal search of the van; and that the physical evidence obtained by the police from said search should have been suppressed. See Affirmation in Support of

9

Omnibus Motion, Exh. B at 2-4. The court held a four-day hearing on the admissibility of the evidence obtained from the search of the vehicle. Resp't Memo. at 26. The court concluded that the police were justified in approaching the vehicle and ruled that the evidence was admissible. See Exh. E at 14-15. Petitioner then raised the same claim in his direct appeal. See Exh. I at 8-12. The Appellate Division affirmed; holding that the trial court properly denied petitioner's omnibus motion to suppress the physical evidence. See People v. Harvey, 50 A.D.3d 1058, 855 N.Y.S.2d 677 (2d Dep't. 2008). Thus, petitioner has had the opportunity to fully litigate this claim in state court.

Accordingly, I respectfully recommend that petitioner's claim should be dismissed.

D.  Inconsistent Jury Verdict

In his fourth ground for relief, petitioner argues that the trial court erred by not granting his motion to dismiss based on an alleged inconsistent jury verdict. Specifically, petitioner argues that the court erred in not granting his motion for judgment notwithstanding the verdict because the jury verdict convicting him of one count of third degree criminal possession of a weapon under section 265.02(4) of the Penal Law but acquitting him of the other count of third degree criminal possession of a weapon under section 265.02(3) is inconsistent and repugnant. Exh. I at 13. Inconsistent verdicts, however, are enforceable and generally not subject to judicial review. See Dowling v. United States, 493 U.S. 342, 353-54 (1990) ("inconsistent verdicts are constitutionally tolerable") (citation omitted); United States v. Powell, 469 U.S. 57, 65-66 (1984). Furthermore, inconsistent verdicts may not be grounds for federal habeas relief. See Brown v. Perlman, No. 07 Civ. 8672, 2008 WL 2009220, at

*34 (S.D.N.Y. May 8, 2008) ("It is well settled that 'inconsistent jury verdicts are not a ground for habeas relief.'"); Brunson v. Tracy, 378 F. Supp.2d 100, 110 (E.D.N.Y. 2005); Vassell v. McGinnis, No. 04-CV-0856, 2004 WL 3088666, at *6 (E.D.N.Y. Dec. 22, 2004)("Even if he were correct in contending that his acquittal . . . was inconsistent with his convictions, that would not constitute grounds for habeas relief.").

In any event, contrary to petitioner's assertion, his conviction of third degree criminal possession of a weapon under section 265.02(04) of the Penal Law is not inconsistent or repugnant to his acquittal of the third degree criminal possession of a weapon under section 265.02(03). The trial judge charged the jury that section 265.02(04) of the Penal Law requires that petitioner possess a "loaded" and "operable" firearm while section 265.02(03) requires a "defaced" "operable" but not necessarily "loaded" firearm. Exh. J at 25-27. Hence, each crime requires proof of different elements, none of which is conclusive of any element in the other. See Campbell v. Greene, 440 F. Supp.2d 125, 159 (N.D.N.Y. 2006) ("Whether verdicts are repugnant or inconsistent ... is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury's findings on those elements can be reconciled.")(citation omitted).

Accordingly, I conclude that there is no merit to petitioner's contention that the verdicts are inconsistent; and respectfully recommend that petitioner's claim should be dismissed.

E.   Sandoval Hearing

In his fifth ground for relief, petitioner contends that the trial court erred by permitting the prosecution, following a Sandoval hearing, to question him about his prior

convictions for menacing, assault, theft of services, and criminal possession of controlled substances should he testify at trial. Exh. I at 16-18. Petitioner argues that he could not testify because his prior convictions were extensive. He contends that the trial court's Sandoval ruling deprived him of a fair trial. Exh. I at 18. "It is well settled that a [habeas] petitioner's failure to testify [at trial] is fatal to any claims of constitutional deprivation arising out of a Sandoval type ruling because, in the absence of such testimony the Court has no adequate non-speculative basis upon which to assess the merits of the claim." Peterson v. LeFevre, 753 F. Supp. 518, 521 (S.D.N.Y. 1991), aff'd mem., 940 F.2d 649 (2d Cir. 1991).

Here, Harvey elected not to testify at his trial. Therefore, he may not seek a habeas relief on this ground regardless of the fact that his decision not to testify may have been motivated by the trial court's Sandoval ruling. See Jones v. Rivera, No. 06-CV-5982, 2008 WL 2004168, at *6 (E.D.N.Y. May 7, 2008); McKenzie v. Poole, 03-CV-4253, 2004 WL 2671630, at *15 (E.D.N.Y. Nov. 23, 2004). See also Luce v. United States, 469 U.S. 38, 43 (1984) ("[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.").

Accordingly, I respectfully recommend that petitioner's claim that the trial court erred in its Sandoval ruling should be denied.

## III. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that the instant petition for a writ of habeas corpus be denied in its entirety[2].

---

[2] Copies of unreported opinions available only on electronic databases are attached hereto. Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Edgardo Ramos at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Edgardo Ramos and not to the undersigned.

Dated: April 9, 2013
White Plains, New York

Respectfully Submitted,

*[signature]*

GEORGE A. YANTHIS, U.S.M.J.