UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/13/13

---

KENNETH HARVEY,

                Petitioner,

– against –

GREGORY KADIEN,

                Respondent.

**ORDER**

10 Civ. 0059 (ER) (GAY)

---

Ramos, D.J.:

       Before the Court is Magistrate Judge Yanthis' Report and Recommendation (the "Report"), dated April 9, 2013, on petitioner Kenneth Harvey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, from his March 16, 2005 conviction for one count of criminal possession of a weapon in the third degree and one count of criminal possession of a weapon in the fourth degree, entered in County Court, Rockland County. Doc. 29. Judge Yanthis recommended that the Court deny the petition.

       In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected,

*to Petitioner*

Copies Mailed/Faxed
Chambers of Edgardo Ramos

provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

In the present case, the Report advised the parties that they had seventeen days from receipt of the Report to file and serve written objections pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 6(d), and warned the parties that failure to timely object would preclude appellate review of any order of judgment in this case. Report 13. Objections to the Report were due by April 26, 2013, *see* Doc. 29, however, the Court did not receive objections or requests for an extension of time by such date. On June 28, 2013, the Court entered an order reminding petitioner of the April 26 deadline and requiring him to file any objection by July 29, 2013. Doc. 30. However, as of the date of this Order, no objections have been filed and no requests for an extension of time to object have been made. Accordingly, Petitioner has waived the right to object to the Report, or to obtain appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite Petitioner's failure to object to the Report, the Court has reviewed Judge Yanthis' thorough and well-reasoned Report and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the Report in its entirety, and Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is

denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully directed to close this case.

       It is SO ORDERED.

Dated:    August 13, 2013
           New York, New York

                                                           Edgardo Ramos, U.S.D.J.